1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODNEY R. MOODY, | CASE NO. C10-01102-RSM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Motion for Summary Judgment. Dkt. #11. Defendant argues that the "claims made and reported" policy issued to the insured does not cover Plaintiff's claim because the claim was not reported to the insurer until after the policy had already expired. For the reasons set forth below, Defendant's motion is GRANTED.

## II. BACKGROUND

At issue is a professional liability insurance policy issued by Defendant American Guarantee and Liability Insurance Company ("American") to attorney Leland Ripley in 2008.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

The policy was issued on a "claims made and reported" basis and was effective from November 1, 2007 to November 1, 2008. Dkt. #12, Ex. 1 at 6. The insuring agreement provided that American would pay damages and claim expenses for claims that were "*both made and reported to [American] during the Policy Period or any extended reporting period based on an act or omission in the Insured's rendering or failing to render Legal Services for others…*" *Id.* at 7 (emphasis added). Mr. Ripley did not purchase coverage for an extended reporting period. Dkt. #13, para. 2.

On October 31, 2008, one day before the American Guarantee policy expired, Plaintiff Rodney Moody filed an attorney malpractice action against Mr. Ripley. However, the summons and complaint were not served on Mr. Ripley until November 15, 2008. Dkt. #14, Ex. 1 at 5. In addition, Mr. Ripley never reported the claim to Defendant American. In fact, American did not learn of the lawsuit until April 30, 2009, when Plaintiff's counsel called and spoke with Defendant's claims counsel. Dkt. #12, para. 4.

Plaintiff Moody brings this suit against Defendant American Guarantee and Liability Insurance Company ("American") as an assignee of Ripley. Mr. Ripley assigned his claim against Defendant American to Mr. Moody as part of the settlement of the underlying attorney malpractice dispute. Defendant American moves for summary judgment.

## III. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor

1   of the non-moving party.  *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.

2   1992), *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a

3   "sufficient showing on an essential element of her case with respect to which she has the burden

4   of proof" to survive summary judgment.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  In

5   ruling on summary judgment, a court does not weigh evidence to determine the truth of the

6   matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*,

7   41 F.3d 547, 549 (9th Cir. 1994) (*citing O'Melveny & Meyers*, 969 F.2d at 747).  Material facts

8   are those which might affect the outcome of the suit under governing law.  *Anderson,* 477 U.S. at

9   248.

10   **B.  "Claims Made and Reported" Policies**

11        Defendant argues that summary judgment should be granted in its favor because Mr.

12   Ripley's insurance policy required that American be notified of any claim for which Mr. Ripley

13   was seeking coverage during the time period in which the policy was still in effect.  Since

14   American was not notified of Mr. Moody's malpractice claim against Mr. Ripley until well after

15   the policy expired, it is not liable to pay the claim.  The Court agrees.

16        The Court's "[i]interpretation of insurance policies is a question of law, in which the

17   policy is construed as a whole and each clause is given force and effect."  *Overton v.*

18   *Consolidated Ins. Co.*, 145 Wn.2d 417, 424, 38 P.3d 322, 324 (2002).  Ambiguities in insurance

19   policies are to be interpreted in favor of the insured, but clear and unambiguous language must

20   be given effect according to its plain meaning and may not be construed by the courts.

21   *McDonald Indus., Inc. v. Rollins Leasing Corp.*, 95 Wn.2d 909, 913, 631 P.2d 947 (1981);

22   *Progressive Cas. Ins. Co. v. Jester*, 102 Wn.2d 78, 79-80, 683 P.2d 180 (1984).  Here, the

23   language of the American Guarantee policy unambiguously requires that the insured notify

24   American of the claim during the policy period as a condition precedent for coverage.  Further,

1  Washington law requires that the notice requirement of "claims made and reported" policies be

2  strictly construed.  *See Safeco Title Ins. Co. v. Gannon*, 54 Wn. App. 330, 338, 774 P.2d 30,

3  *review denied*, 113 Wn.2d 1026 (1989) ("[C]laims-made policies require that the notice be given

4  *during the policy period* itself.  When an insured becomes aware of any event that could result in

5  liability, then it must give notice to the insurer, and that notice must be given "within a

6  reasonable time" or "as soon as practicable"- at all times, however, during the policy period.")[1].

7  Since the undisputed evidence demonstrates that Mr. Ripley did not report Mr. Moody's claim to

8  American during the policy period, American is not liable for the claim amount.

9  **C.  The Notice/Prejudice Rule**

10         Plaintiff contends that the notice/prejudice rule applies to the policy at issue.  The

11  notice/prejudice rule requires insurers to show actual prejudice when denying coverage for lack

12  of timely notice.  *See Gannon*, 54 Wn. App at 336; *see also Oregon Auto Ins. Co. v. Salzberg*, 85

13  Wn.2d 372, 377, 535 P.2d 816 (1975).  The court in *Gannon*, however, explicitly held that the

14  notice/prejudice rule does not apply to "claims made" policies.  54 Wn. App. at 336. This is

15  because, "[i]f a court were to allow an extension of reporting time after the end of the policy

16  period, such is tantamount to an *extension of coverage* to the insured gratis, something for which

17  the insurer has not bargained."  *Id.* (quoting *Gulf Ins. Co. v. Dolan, Fertig & Curtiss*, 433 So.2d

18  512, 515-16 (Fla. 1983)).  Therefore, since the policy at issue is a "claims made" policy, the

19  notice/prejudice rule does not apply.

20

21

22  _____

23  [1] Because the Washington State Supreme Court has not addressed the issue at hand, the Court
may look to the Washington Court of Appeals decision as persuasive authority.  *See West v.*

24  *American Tel. & Tel. Co.*, 311 U.S. 223, 237-38, 61 S.Ct. 179, 85 L.Ed. 139 (1940).

1

## IV. CONCLUSION

2

Mr. Ripley's malpractice insurance required that any claims be reported during the

3

coverage period.  It is undisputed that the claim associated with Mr. Moody's action against Mr.

4

Ripley was not reported to American during the coverage period.  Having thus concluded, the

5

Court does not address Defendant's arguments in the alternative.

6

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

7

and the remainder of the record, the Court hereby finds and ORDERS:

8

(1) Defendant's Motion for Summary Judgment (Dkt # 11) is GRANTED.

9

(2) The Clerk is directed to send a copy of this order to all counsel of record.

10

11

Dated this 7th day of April 2011.

12

13

14

RICARDO S. MARTINEZ

15

UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24